Ryan Lee, Esq. (SBN: 235879)
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
Tel: 323-988-2400 x241
Fax: 866-583-3695
rlee@consumerlawcenter.com
Attorneys for Plaintiff

**UNITED STATE DISTRICT COURT
FOR THE EASTERN DISTIRCT OF CALIFORNIA**

| | |
|---|---|
| JOHN PERRY,<br><br>   Plaintiff,<br><br>vs.<br><br>NCO FINANCIAL SYSTEMS, INC.,<br><br>   Defendant. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**(Unlawful Debt Collection Practices)**<br><br>**Demand Does Not Exceed $10,000.00** |

**PLAINTIFF'S COMPLAINT**

JOHN PERRY (Plaintiff), through his attorneys, KROHN & MOSS, LTD., alleges the following against NCO FINANCIAL SYSTEMS, INC. (Defendant):

**INTRODUCTION**

1. Count I of the Plaintiff's Complaint is based on Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code §1788 et seq.* (RFDCPA).

2. Count II of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

3. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**JURISDICTION AND VENUE**

- 1 -

4. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692(K),* which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy" and *28 U.S.C. 1367* grants this court supplemental jurisdiction over the state claims contained therein.

5. Because Defendant maintains a business office and conducts business in the state of California, personal jurisdiction is established.

6. Venue is proper pursuant to *28 U.S.C. 1391(b)(1)*.

7. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

## PARTIES

8. Plaintiff is a natural person residing in Redlands, San Bernardino County, California.

9. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)* and *Cal. Civ. Code § 1788.2(h)*.

10. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)* and *Cal. Civ. Code §1788.2(c)*, and sought to collect a consumer debt from Plaintiff.

11. Defendant is a national company with an office in Rancho Cordova, California.

## FACTUAL ALLEGATIONS

12. Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged debt.

13. Defendant constantly and continuously places collection calls to Plaintiff at the number 909-210-5442.

14. Defendant contacted Plaintiff after receiving written notification that Plaintiff no longer wishes to be contacted.

**COUNT I**
**DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

15. Defendant violated the RFDCPA based on the following:

    a. Defendant violated *§1788.11(d)* of the RFDCPA when Defendant placed collection calls to Plaintiff repeatedly and continuously so as to annoy Plaintiff.

    b. Defendant violated *§1788.10(e)* of the RFDCPA when Defendant placed collection calls to Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances.

    c. Defendant violated *§1788.17* of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, *15 U.S.C. § 1692 et seq*.

16. As a direct and proximate result of one or more or all of the statutory violations above Plaintiff has suffered emotional distress.

WHEREFORE, Plaintiff, JOHN PERRY, respectfully requests judgment be entered against Defendant, NCO FINANCIAL SYSTEMS, INC., for the following:

17. Declaratory judgment that Defendant's conduct violated the Rosenthal Fair Debt Collection Practices Act,

18. Statutory damages pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code §1788.30(b)*,

19. Actual damages,

20. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code §1788.30(c)*, and

21. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

22. Plaintiff repeats and realleges all of the allegations in Count I of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

23. Defendant violated the FDCPA based on the following:

a. Defendant violated *§1692c(c)* of the FDCPA by communicating with Plaintiff after receiving notification that Plaintiff wants Defendant to cease communications.

b. Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, and abuse Plaintiff.

c. Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

d. Defendant violated *§1692e(5)* of the FDCPA by threatening to take legal action against Plaintiff even though Defendant has not and does not intend to take such action.

e. Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in subsequent communications that the communication was from a debt collector.

24. As a direct and proximate result of one or more or all of the statutory violations above Plaintiff has suffered emotional distress.

WHEREFORE, Plaintiff, JOHN PERRY, respectfully requests judgment be entered against Defendant, NCO FINANCIAL SYSTEMS, INC., for the following:

25. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

26. Statutory damages pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

27. Actual damages,

28. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k,*

29. Any other relief that this Honorable Court deems appropriate.

1                        RESPECTFULLY SUBMITTED,

2  DATED:  August 12, 2009      KROHN & MOSS, LTD.

3

4                         By: /s/ Ryan Lee

5                            Ryan Lee

6                            Attorney for Plaintiff

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

PLAINTIFF'S COMPLAINT

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF CALIFORNIA

Plaintiff, JOHN PERRY, states as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, JOHN PERRY, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

_____
JOHN PERRY

DATE   7/11/09